2026002901-4
CMP                3
Complaint
20551988

[ ] EXPEDITE

[ ] Hearing is set
Date:
Time:

Judge/Calendar:

FILED
LEWIS COUNTY

2026 MAR 11 PM 4:54

SUPERIOR COURT
CLERK'S OFFICE

RECEIVED

MAR 19 2026

AGO
General Services HLB

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF LEWIS

THE ESTATE OF KYLE WILLIAM ELLIOTT,

Plaintiff,

vs.

THE STATE OF WASHINGTON and WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

Defendants.

Case No.: **26  2  0029221**

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, by and through their attorney of record, Jack W. Hanemann, and alleges:

### JURISDICTION AND VENUE

1. That all acts hereinafter alleged occurred within Lewis County, Washington, and that this court has jurisdiction and venue over this cause.

2. At all times material hereto, Plaintiff Kyle Elliott, was a resident of Lewis County, Washington, prior to his passing.

Jack W. Hanemann, P.S.
2120 State Ave. NE, Suite 101
Olympia WA 98506

COMPLAINT FOR DAMAGES - 1      (360) 357-3501 ● Fax (360) 357-2299

3. Defendant State of Washington, acting through the Washington State Department of Corrections (DOC), is responsible for the custody, release, and supervision of individuals incarcerated in Washington correctional facilities.

## BACKGROUND FACTS

4. Plaintiff was incarcerated in the custody of the Washington State Department of Corrections.

5. Plaintiff's lawful release date was on or about March 16, 2023, based on the sentence imposed by the sentencing court and applicable time-credit calculations.

6. Defendant had a duty to correctly calculate Plaintiff's release date and to release Plaintiff from custody when his lawful sentence expired.

7. Despite this duty, Defendant failed to properly calculate Plaintiff's release date and/or failed to release Plaintiff on the correct date.

8. As a result, Plaintiff remained incarcerated beyond the lawful term of imprisonment.

9. Plaintiff was held in custody until or around March 28, 2023, resulting in around 12 days of unlawful detention.

10. Defendant knew or reasonably should have known that Plaintiff's lawful term had expired.

11. Defendant's acts and omissions directly caused Plaintiff to suffer damages.

## FIRST CAUSE OF ACTION – NEGLIGENCE

12. Plaintiff realleges paragraphs 1–11.

13. Defendant owed Plaintiff a duty to accurately calculate sentence credits and release Plaintiff when legally required.

COMPLAINT FOR DAMAGES - 2

Jack W. Hanemann, P.S.
2120 State Ave. NE, Suite 101
Olympia WA 98506
(360) 357-3501 • Fax (360) 357-2299

14. Defendant breached that duty by failing to properly calculate or act upon Plaintiff's lawful release date.

15. Defendant's negligence caused Plaintiff to be unlawfully detained.

16. Plaintiff suffered damages as a direct result.

**SECOND CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

17. Plaintiff realleges paragraphs 1–16.

18. By detaining Plaintiff beyond the lawful expiration of his sentence, Defendant violated Plaintiff's constitutional rights, including rights secured by the Fourteenth Amendment to the United States Constitution.

19. Defendant acted under color of state law.

20. Plaintiff is entitled to damages under 42 U.S.C. § 1983.

## DAMAGES

21. Plaintiffs' above-named re-allege paragraphs as set forth above.

22. As a direct and proximate result of Defendant's negligence and wrongful conduct, Plaintiff suffered to include but not limited to the following damages:

    a. Loss of liberty,

    b. Emotional distress,

    c. Mental anguish,

    d. Lost income and opportunities,

    e. Other economic and non-economic damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests for judgment against the Defendants and each of them, jointly and severally, as follows:

COMPLAINT FOR DAMAGES - 3

**Jack W. Hanemann, P.S.**
2120 State Ave. NE, Suite 101
Olympia WA 98506
(360) 357-3501 ● Fax (360) 357-2299

1. Awarding Plaintiff special damages for his lost wages and employment benefits, and loss of earning capacity in amounts to be established at the time of trial.

2. Awarding Plaintiff general damages for pain, suffering, and mental anguish in an amount to be established at the time of trial.

3. Awarding Plaintiff their attorney fees and costs incurred in this action.

4. Awarding Plaintiff any further or additional relief which the Court finds equitable, appropriate or just.

DATED: This _11_ day of March 2026.

JACK W. HANEMANN, P.S.
Attorneys for Plaintiff

Bradley J. Drury, WSBA #36909
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 4

Jack W. Hanemann, P.S.
2120 State Ave. NE, Suite 101
Olympia WA 98506
(360) 357-3501 ● Fax (360) 357-2299